UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WARREN LEE WEISMAN, | CASE NO. 2:24-cv-00828 |
| Plaintiff, | ORDER OF DISMISSAL |
| v. | |
| REBECCA K.C. HERSMAN, | |
| Defendant. | |

This matter comes before the Court on pro se Plaintiff Warren Lee Weisman's complaint. Dkt. No. 6. Judge Tsuchida granted Plaintiff's application to proceed in forma pauperis but recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of the summons. Dkt. No. 7.

"Courts have a duty to construe pro se pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. L.A. Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). But under 28 U.S.C. § 1915(e)(2)(B), courts must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. A pro se action is frivolous if the plaintiff cannot make a

ORDER OF DISMISSAL - 1

rational argument on the law and facts in support of their claim. *Walker v. Walker*, No. CV 21-0904 PHX CDB, 2021 WL 2652568, at *2 (D. Ariz. June 3, 2021), report and recommendation adopted, No. CV-21-00904-PHX-CDB, 2021 WL 2646637 (D. Ariz. June 28, 2021) (citing *Lopez v. Dep't of Health Servs.*, 939 F.2d 881, 882 (9th Cir. 1991); *Van Sickle v. Holloway*, 791 F.2d 1431, 1434 (10th Cir. 1988)). "Dismissals [under 28 U.S.C. § 1915(e)] should only be ordered when legal theories are 'indisputably meritless,' or when the claims rely on factual allegations that are 'clearly baseless.'" *Morehead v. United States*, et al., No. 1:23-CV-00075-JAR, 2023 WL 4295423, at *1 (E.D. Mo. June 30, 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 31 (1992)). "'Clearly baseless' factual allegations include those that are 'fanciful,' 'fantastic,' and 'delusional.'" *Id*. (quoting *Denton,* 504 U.S. at 32-33).

Here, Weisman petitions the Court for a writ of mandamus compelling the Defense Threat Reduction Agency of the U.S. Department of Defense to release $80,000,000 of funding to an entity called "Solomon Judicial AI Legal Software Corporation," which appears to be a "private legal software group" owned and operated by Weisman. Dkt. Nos. 6 ¶ 6, 6-2 at 1. While most of the facts and law discussed in the complaint are incoherent, impossible to decipher, and/or facially incredible, the crux of the argument seems to be that the Defense Threat Reduction Agency, under the directorship of Defendant Rebecca Hersman, is failing to fulfill its statutory purpose of preventing nuclear weapon proliferation because it refuses to fund a "study" of U.S. nuclear defense policy by Weisman's organization. *Id*.

Weisman's filings and claims plead to-date suffer from a profound deficit of facial plausibility.[1] But even suspending disbelief on the facts, the Court finds that the complaint fails to state any remotely tenable legal claim on which relief may be granted. Most of the complaint focuses on criticism of U.S. nuclear policy and allegations that the Defense Threat Reduction Agency wrongly refused to fund Weisman's study. These assertions state no justiciable claim meriting the Court's attention. "The political question doctrine excludes from judicial review those controversies which revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Japan Whaling Ass'n v. Am. Cetacean Soc.*, 478 U.S. 221, 230 (1986).

Weisman states that relief would "bring the Agency… into alignment with a new Thirtieth Amendment." Dkt. No. 6 at 7. But no Thirtieth Amendment exists. This Court cannot grant relief under fictional law. *See Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) ("Over the years, this Court has repeatedly held that the federal

---

[1] For example, on July 16, 2024, Weisman filed a "Reply" with the Court. Dkt. No. 11. Given that no one else has appeared in the case, the Court construes this so-called "Reply" as a miscellaneous filing. The contents of the filing comprise a single alleged news article, dated July 10, 2024, entitled "ABC World News With Andrew Vuong: U.S. Navy Says No Assembled Nuclear Weapons Since 1989 Berlin Wall Fall By Agreement Among Nuclear Scientists; Presently No Nuclear Threats On Earth." *Id.* The article itself—which appears to quote Weisman on the topic of nuclear policy—is largely incomprehensible, composed almost entirely of sentence fragments. Even setting aside the question of the article's evidentiary or legal purpose, its authenticity strains credulity. The same applies to the numerous factual and quasi-factual assertions contained in the complaint.

ORDER OF DISMISSAL - 3

courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'").

Weisman seeks extraordinary relief. To justify a writ of mandamus, three requirements must be met: (1) the petitioner must have no other adequate means to attain relief; (2) the petitioner must satisfy the burden of showing that his right to issuance of the writ is clear and indisputable, and (3) the issuing court, under its discretion, must be satisfied that the writ is appropriate under the circumstances. *Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 380 (2004). There is no way that Weisman's claims could plausibly meet these requirements, and the glaring defects in his complaint cannot be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir.2012))).

Accordingly, the Court orders that Plaintiff's complaint is DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Dated this 18th day of September, 2024.

_____
Jamal N. Whitehead
United States District Judge