1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WARREN LEE WEISMAN,

                Plaintiff,

     v.

REBECCA K.C. HERSMAN,

                Defendant.

CASE NO. 2:24-cv-00828

ORDER REVOKING IN FORMA
PAUPERIS STATUS

The Ninth Circuit has asked this Court to review Plaintiff Warren Lee Weisman's in forma pauperis (IFP) status. Dkt. No. 17. Having reviewed the Ninth Circuit's referral, the record, and the law governing Weisman's claims, the Court is fully informed. The Court REVOKES Weisman's IFP status for the reasons below.

The Court granted Weisman IFP status on June 26, 2024, Dkt. No. 5, and on the same day, Weisman filed a complaint against Defendant Rebecca Hersman, Agency Director of the Defense Threat Reduction Agency of the U.S. Department of Defense. Dkt. No. 6. The complaint sought a writ of mandamus compelling the Defense Threat Reduction Agency to release $80,000,000 of government funding to an entity called "Solomon Judicial AI Legal Software Corporation," which appeared

**ORDER** REVOKING IN FORMA PAUPERIS STATUS - 1

to be a "private legal software group" owned and operated by Weisman. Dkt. Nos. 6 ¶ 6, 6-2 at 1. While most of the facts and law discussed in the complaint were incoherent and/or facially incredible, the crux of Weisman's argument seemed to be that the Defense Threat Reduction Agency, under Hersman's directorship, had failed to fulfill its statutory purpose of preventing nuclear weapon proliferation by refusing to fund a "study" of U.S. nuclear policy by Weisman's organization. *Id.*

On September 18, 2024, the Court reviewed Weisman's complaint under 28 U.S.C. § 1915(e)(B) and found that—even ignoring the implausibility of Weisman's factual assertions—Weisman failed to state a legal claim on which relief could be granted. Dkt. No. 14. Most of Weisman's complaint focused on general criticism of U.S. nuclear policy and allegations that the Defense Threat Reduction Agency had wrongly refused to fund Weisman's study. These grievances identified no legal right violation and presented no justiciable cause of action. The complaint asserted that mandamus relief compelling the distribution of $80,000,000 in Department of Defense funding to Weisman would "bring the Agency… into alignment with a new Thirtieth Amendment." Dkt. No. 6 at 7.

In this Court's review, the Court noted that "no Thirtieth Amendment exists" and the "Court cannot grant relief under fictional law." Dkt. No. 14 at 3. The Court carefully reviewed the requirements for issuance of mandamus relief (*see Cheney v. U.S. District Court for the District of Columbia*, 542 U.S. 367, 380 (2004)) and concluded that Weisman's claim could not plausibly meet those requirements, nor could the complaint's defects be cured by amendment. *Id.* Accordingly, the Court

ORDER REVOKING IN FORMA PAUPERIS STATUS - 2

dismissed Weisman's complaint without prejudice under 28 U.S.C. § 1915(e)(2)(B). *Id.*

On September 19, 2024—one day after the dismissal order—Weisman filed a notice of appeal. Dkt. No. 15. The notice includes a declaration and application to proceed IFP, certifying Weisman's lack of income and assets. *Id.* On September 25, 2024, the Ninth Circuit referred this matter to this Court to determine whether IFP status should continue on appeal. Dkt. No. 17. A litigant will lose their IFP status on appeal if their appeal is frivolous or taken in bad faith. 28 U.S.C. § 1915(a)(3); *see also Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim is one that "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Weisman's complaint stated no legal claim on which relief may be granted—instead, it offered only generalized grievances about U.S. nuclear policy, rooted in the alleged refusal of the Defense Threat Reduction Agency to give Weisman tens of millions of dollars for a "study" of its operations. This Court validly dismissed the complaint for failure to state a claim. Weisman's notice of appeal does not indicate the basis for his appeal. This Court cannot speculate about Weisman's contentions regarding its legal errors. Nevertheless, the Court concludes that, given the clearly irremediable defects in Weisman's complaint, Weisman's appeal lacks an arguable basis in fact or law; it is therefore frivolous.

/

/

/

ORDER REVOKING IN FORMA PAUPERIS STATUS - 3

1

2

3

       For the reasons above, the Court finds that Weisman's appeal is frivolous and ORDERS that Weisman's IFP status be REVOKED under 28 U.S.C. § 1915(a)(3), resolving the Ninth Circuit's Referral at Dkt. No. 17.

4

       Dated this 26th day of September, 2024.

5

6

                            Jamal N. Whitehead
                            United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**ORDER** REVOKING IN FORMA PAUPERIS STATUS - 4